**ORIGINAL**



FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JAN 08 2010

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PHILIP A. MARSDEN, DONALD R. MILLARD, HOPPY ENTERPRISES LLC, MARSHALL B. HUNT, OLIN GARWOOD LIPPINCOTT & PWP INVESTMENTS, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>BRANDYWINE HEALTH SERVICES OF MISSISSIPPI, INC. D/B/A CHOCTAW COUNTY MEDICAL CENTER & JEFFREY A. MORSE,<br><br>Defendants. | CIVIL ACTION FILE NO.:<br><br>**WBH**<br><br>**1:10-CV-0059** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1334, 1441, 1446, 1447 and 1452, Jeffrey A. Morse hereby removes this action, Civil Action File No. 09A09420-6, from the State Court of Dekalb County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division. Removal is based on the following grounds:

1. Plaintiffs filed their Complaint against Defendants Brandywine Health Services of Mississippi, Inc., d/b/a Choctaw County Medical Center ("Brandywine") and Jeffrey A. Morse ("Morse") on June 25, 2009 alleging breach

of contract and breach of warranty. Copies of all process, pleadings, and orders from the State Court are attached as Exhibit "A."

2.     On December 14, 2009, Brandywine filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Northern District of Mississippi. See copy of Bankruptcy Petition attached as Exhibit "B."

3.     Pursuant to 28 U.S.C. § 1334(b), the district courts of the United States have original jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11. The current proceedings arise under, and/or are related to, the bankruptcy case filed by Brandywine. The prosecution by Plaintiffs of the instant action, including the damages sought, will directly affect the property of Brandywine, over which this Court has exclusive jurisdiction pursuant to 28 U.S.C. § 1334(e)(1). Moreover, prior to the filing of the bankruptcy petition, Brandywine asserted counterclaims against Plaintiffs, and these claims are now property of the bankruptcy estate. If Brandywine is successful on its counterclaims, Plaintiffs' claims against Morse, who is sued in his individual capacity as guarantor of the loans at issue, will be defeated. Conversely, any adverse judgment against Morse could impair or otherwise affect the rights or liabilities of Brandywine. Further, the pendency and prosecution of this action against Morse separately in State Court could have the effect of depriving Brandywine as a Chapter 11 bankruptcy debtor of the services and attention of

Morse, a necessary employee, and thereby could adversely affect Brandywine's reorganization efforts. Thus, the claims against Brandywine and Morse are so inextricably intertwined that to proceed against Morse alone would impair or undermine the Brandywine bankruptcy proceedings currently pending in the United States Bankruptcy Court for the Northern District of Mississippi.

4. In addition, original jurisdiction of this Court exists under 28 U.S.C. §1332(a)(1), as this action involves an amount in controversy in excess of $75,000, exclusive of interest and costs, and is, upon information and belief, between citizens of different states. Defendant Morse is a citizen of the State of Maryland. Individual Plaintiffs Marsden, Millard, Hunt, and Lippincott are believed to be citizens of the State of Georgia. Plaintiffs Hoppy Enterprises, LLC and PWP Investments, LLC are limited liability companies based in Georgia and are believed to be associated with one or more of the individual Plaintiffs. On that basis, it is believed that the members of these LLCs are Georgia citizens which makes these LLCs citizens of Georgia as well.

5. Based on the foregoing, this Court has original jurisdiction over this action.

6. Venue is proper pursuant to 28 U.S.C. § 1441.

7. Removal is timely under 28 U.S.C. § 1446(b) because Defendant's Notice of Removal is being filed within thirty (30) days of Brandywine's Petition for Bankruptcy.

8. Pursuant to 28 U.S.C. § 1447(b), Defendant Morse will file with the clerk copies of all records and proceedings in the State Court of Dekalb County, Georgia.

9. Defendant Brandywine joins in the filing of this Notice of Removal.

10. Defendant represents that promptly after filing, a copy of the instant Notice of Removal will be served on Plaintiffs and a copy will be filed with the Clerk of the State Court of Dekalb County, Georgia.

Respectfully submitted, this 8th day of January, 2010.

**PARKER HUDSON RAINER & DOBBS LLP**

_____
Ronald T. Coleman, Jr., Esq.
Georgia Bar No. 177655
rcoleman@phrd.com
C. Melissa Ewing, Esq.
Georgia Bar No. 253383
cme@phrd.com

285 Peachtree Center Avenue, N.E.
1500 Marquis Two Tower
Atlanta, Georgia 30303
Telephone: (404) 523-5300

Attorneys for Defendants